Singh-Kaur v. Garland

BIA
Golovnin, IJ
A209 945 874

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JON O. NEWMAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

VIKRAMJEET SINGH-KAUR,
> *Petitioner,*

v.                                                    **21-6328**
                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Anas J. Ahmed, Esq., Jackson Heights, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Timothy G. Hayes, Senior Litigation Counsel; Sarai M. Aldana, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, and the case is REMANDED for reconsideration in light of this order.

Petitioner Vikramjeet Singh-Kaur, a native and citizen of India, seeks review of a May 17, 2021, decision of the BIA affirming a December 12, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Vikramjeet Singh-Kaur*, No. A 209 945 874 (B.I.A. May 17, 2021), *aff'g* No. A 209 945 874 (Immig. Ct. N.Y. City Dec. 12, 2018).   We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, *i.e.*, considering only the adverse credibility findings that the BIA relied on.   *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).   We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao*

*v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Singh-Kaur alleged that he was a member of the Shiromani Akali Dal Amritsar Party (also referred to as the Mann Party) and that he was beaten twice by members of the rival Bharatiya Janta Party ("BJP") for refusing to join that party. CAR 95–99. He testified that the attacks occurred in April and June 2017. *Id*. The IJ found that the petitioner was not credible, CAR 52–53, and the BIA found "no clear error" in the IJ's adverse credibility finding, CAR 3.

Although we have limited authority to question the agency's determination that a petitioner lacked credibility, this is the rare case where the agency's reasoning is sufficiently flawed to warrant a remand.

First, the IJ noted that the petitioner "was asked why he joined his political party[,] and he said that they serve society and organize blood donation camps, as well as help poor girls who are married off." CAR 49. Nevertheless, the IJ found that "the [petitioner] could not specifically tell the Court why he joined his political party." CAR 50. The record is to the contrary. The petitioner told the IJ precisely why he had joined his political party. CAR 95.

Second, the IJ noted that the June 25, 2017, letter from Dr. Ompurkash Singla "omits the fact that the [petitioned] was attacked on April 10, 2017 and, in fact, was treated by this doctor." CAR 50.

This use of Dr. Singla's letter to deem the petitioner inconsistent is flawed. There is nothing in the record to indicate that Dr. Singla was asked to make a report of all occasions when he treated the petitioner. On the contrary, it appears that his brief five-line letter was written for the sole purpose of providing an assessment of the petitioner's ability to resume his activity after his treatment for the June attack. The last line reports: "He is fit to join on 26.06.2017." Ex. 5, CAR 126. To make that assessment, Dr. Singa had no reason to refer to his treatment of the petitioner after the April attack. His letter reads in full: "This is to certify that [petitioner] was under my treatment with multiple soft tissue injuries since 15.06.2017. I advised him rest for 10 days along with treatment. He is fit to join on 26.06.2017." *Id.*

Third, the agency relied on an inconsistency between affidavits from petitioner's wife, sister, and uncle and an affidavit from Gurmeet Singh. The three affidavits from the family members state that petitioner went to a village doctor. The affidavit of Gurmeet Singh, a neighbor, says petitioner was taken to a hospital.

4

CAR 51. The neighbor's arguably inconsistent characterization of the place of treatment, relied on by the IJ, is an insufficient basis to indicate that the petitioner is inconsistent.

Fourth, petitioner testified, and his family's affidavits said, that the family had not been contacted by the BJP party after he left India, but a letter from Iqbal Singh Tiwana, the political and media advisor of the Mann Party, says that the party is still harassing the family. It is not clear why the fact that Singh Tiwana thinks the opposition party is still harassing the family shows that the petitioner is not credible.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for reconsideration in light of this order.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court